UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

CAMERON LACLAIR                                          :
4200 Massachusetts Avenue, NW, Apartment 402
Washington, DC  20016                                    :

    and                                            :

MARY LACLAIR                                             :
4200 Massachusetts Avenue, NW, Apartment 402
Washington, DC  20016                                    :

    Plaintiffs,                                        :

    v.                                                 :   Case No.

SUBURBAN HOSPITAL, INC.                                  :
8600 Old Georgetown Road
Bethesda, Maryland 20814                                 :

Serve:    S. Allan Adelman, Esq.                          :
        Resident Agent
        180 Admiral Cochrane Dr.                         :
        Annapolis, MD 21401
                                                        :

SUBURBAN HOSPITAL FOUNDATION, INC.                       :
8600 Old Georgetown Road
Bethesda, Maryland 20814                                 :

Serve:    S. Allan Adelman, Esq.                          :
        Resident Agent
        180 Admiral Cochrane Dr.                         :
        Annapolis, MD 21401                             :

SUBURBAN HOSPITAL HEALTHCARE                             :
SYSTEM, INC.
8600 Old Georgetown Road                                 :
Bethesda, Maryland 20814
                                                    :

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 1 -

Serve:     S. Allan Adelman, Esq.                    :
           Resident Agent
           180 Admiral Cochrane Dr.                  :
           Annapolis, MD 21401
                                                     :
           **Defendants.**

## COMPLAINT FOR DAMAGES
### (Medical Negligence and Loss of Consortium)

## JURISDICTION AND VENUE

1.     Jurisdiction in this court is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.  The amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391, as the cause of action arose in the state of Maryland.

3.     Plaintiffs filed their original claim with the Health Care Alternative Dispute Resolution Office of the State of Maryland on April 1, 2010 (see Exhibit 1 attached hereto).

4.     On April 8, 2010, Plaintiffs filed a Waiver of Arbitration indicating that the case was being removed to the United States District Court for the District of Maryland, Greenbelt Division, as well as Certificates and Reports of Meritorious Claim from their qualified experts (see Exhibit 2 attached hereto).

5.     On April 8, 2010, Plaintiff's counsel was informed that the election to waive arbitration had been received by the Health Care Alternative Dispute Resolution Office.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

6.     The Order of Transfer is dated April 9, 2010 (see Exhibit 3 attached hereto).

## PARTIES

7.     At all times relevant hereto, Plaintiff Cameron J. LaClair, Jr. ("Plaintiff") was and is an adult citizen and resident of the District of Columbia.

8.     At all times relevant hereto, Defendant Mary T. LaClair ("Plaintiff Mary LaClair") was and is an adult citizen and resident of the District of Columbia and the wife of Plaintiff.

9.     At all times relevant hereto, upon information and belief, Defendants Suburban Hospital, Inc. and/or Suburban Hospital Foundation, Inc. and/or Suburban Hospital Healthcare System, Inc. (collectively herein called "Defendant Suburban") was and is a medical facility licensed to do business in and conducting business in the State of Maryland.

10.     At all times relevant hereto, upon information and belief, the negligent acts and/or omissions committed by the agents, servants and/or employees of Defendant Suburban, including without limitation Rylia Gomez ("Ms. Gomez") and Angela Quaye ("Ms. Quaye") (collectively herein called "Suburban Staff") occurred in facilities owned and/or operated in the State of Maryland.

11.     At all times relevant hereto, upon information and belief, the injury and/or damages sustained by Plaintiff occurred in facilities owned and/or operated by Defendant Suburban in the State of Maryland.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

12.    At all times relevant hereto, upon information and belief, Ms. Gomez was an agent, servant and/or employee of Defendant Suburban and was a licensed or unlicensed nursing assistant in the State of Maryland at all times when she provided medical care and treatment to Plaintiff, and as such was a member of the Suburban Staff.

13.    At all times relevant hereto, upon information and belief, Ms. Quaye was an agent, servant and/or employee of Defendant Suburban and was a licensed or unlicensed nursing assistant in the State of Maryland at all times when she provided medical care and treatment to Plaintiff, and as such was a member of the Suburban Staff.

14.    At all times relevant hereto, upon further information and belief, each of the Suburban Staff involved in the care, evaluation and treatment of Plaintiff, including Ms. Gomez and Ms. Quaye, was a health care provider who was either licensed or unlicensed in the State of Maryland, who held himself or herself out to the general public as an individual who took all necessary care and precaution in the practice of his or her profession and who was qualified to administer to his or her patients concerning their medical needs, with all necessary care and precaution expected of other health care providers in the same or similar profession.

15.    At all times relevant hereto, upon further information and belief, Suburban Staff who provided care and treatment to Plaintiff at Defendant Suburban, including Ms. Gomez and Ms. Quaye, were acting as the agents, servants, and/or employees of Defendant Suburban.   Therefore, Defendant Suburban is vicariously liable for the negligent acts and/or omissions of Suburban Staff, including Ms. Gomez and Ms.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

Quaye, involved in the care, evaluation and treatment of Plaintiff at all times relevant hereto.

## FACTS

16.     On November 1, 2007, Plaintiff was taken via ambulance to Defendant Suburban, where he was diagnosed with a cervical fracture and dislocation.

17.     On November 3, 2007, Plaintiff underwent surgery to repair the cervical fracture and dislocation by Dr. Alexandros Powers.  The surgery was a complete success and proceeded without complication, and Plaintiff left the recovery room and was admitted first to the Intensive Care Unit then to the floor.

18.     Upon information and belief, Plaintiff was recovering well, was neurologically intact and was an excellent candidate for acute in-patient rehabilitation following discharge.  In fact, Plaintiff's plan of care included a discharge to National Rehabilitation Hospital on November 7, 2007.

19.     Upon information and belief, during the afternoon of November 6, 2007, Plaintiff Mary LaClair was visiting her husband in his hospital room.  His Foley catheter had been removed, and he told his wife that he needed to urinate.  At his request, she sought Suburban Staff to assist him to the restroom.  Thereafter, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, entered his room and first moved Plaintiff to a sitting position on the side of the bed and then raised him to a standing position in order to change his hospital gown, which was at this time soiled with urine.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

20.     Upon information and belief, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, then reported to Plaintiff Mary LaClair that she suffered from a "bad back" and could not tend to Plaintiff without assistance from other Suburban Staff.

21.     Upon information and belief, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, returned Mr. LaClair to the sitting position on the side of the bed and then attempted to position Plaintiff on the bed in a left side lying position. In doing so, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, pushed Plaintiff up toward the head of the bed and caused his left shoulder, neck (which was in a cervical collar) and face to be pressed against the left side rail. His legs from the knees down and feet dangled off the bed, as he was in a flexed, "U-shaped position" on the bed. Plaintiff then immediately began to complain of severe neck pain.

22.     Upon information and belief, with his legs and feet dangling, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, then attempted to move Plaintiff fully on the bed by flexing his legs up onto the bed. Additional Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, then entered the room and assisted in the process in further pulling Plaintiff up into the bed, causing his head to be forced forward and bend as far as the cervical collar would allow. Upon information and belief, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, began changing the soiled bed linens, requiring that they roll Plaintiff from side to side, while Plaintiff continued to object and cry out in pain.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

23.     On November 7, 2007, a CT scan revealed that Mr. LaClair had suffered another cervical fracture, for which he underwent a corrective procedure on November 8, 2007.

24.     On November 13, 2007, Plaintiff was discharged from Defendant Suburban and admitted to National Rehabilitation Hospital ("NRH") for rehabilitative care, where he remained until the time of his transfer to The Washington Home ("TWH") for continuing rehabilitation and sub-acute skilled nursing care.

25.     Plaintiff thereafter developed worsening neck pain and left sided weakness.  He was evaluated by health care providers at Georgetown University Hospital ("GUH"), where he was admitted on February 5, 2008 for an additional surgical procedure on his cervical spine.  He remained at GUH until the time of his discharge on February 25, 2008, after which he returned to NRH and TWH once again for rehabilitative and sub-acute skilled nursing care.

26.     Plaintiff underwent numerous medical procedures and developed a wide variety of complications as sequelae of the injury he sustained on November 6, 2007 at Defendant Suburban, including placement of a gastrostomy tube for feeding/nutrition and an indwelling urinary catheter, development of decubitus ulcers, or "bedsores," and other extreme physical and emotional pain and suffering.

27.     Plaintiff was ultimately discharged home from TWH on or about April 17, 2008. Since that time, Plaintiff has required home nursing care and assistance with activities of daily living due to his neurological and other deficits.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

28.     Prior to the incident at Defendant Suburban, Plaintiff was in a state of general good health, was neurologically intact, was active and involved in his community and surroundings and was independent in his activities of daily living.

## COUNT I
### (Medical Negligence)

29.     Plaintiff incorporates, by reference, paragraphs 1 through 28 above and further alleges that, at all times relevant to the allegations set forth herein, Plaintiff had a health care provider-patient relationship with all Suburban Staff, including Ms. Gomez and Ms. Quaye, who provided care and treatment to Plaintiff.

30.     Plaintiff further alleges that Defendant Suburban, by and through its agents, servants and/or employees, including without limitation Ms. Gomez and Ms. Quaye, had a duty to provide Plaintiff with the medical and nursing care and treatment consistent with applicable standards of care under the same or similar circumstances.

31.     Plaintiff further alleges that Defendant Suburban, by and through its agents, servants and/or employees, including without limitation Ms. Gomez and Ms. Quaye, violated the national standards of care as practiced by reasonably competent practitioners under the same or similar circumstances, and, as a direct and proximate result, the Plaintiff suffered extreme physical and emotional pain, mental anguish, permanent neurological deficits and other injuries and damages.

32.     Plaintiff further alleges that the breaches of the national standard of care committed by the agents, servants and/or employees of Defendant Suburban, including Ms. Gomez and Ms. Quaye, include, but are not limited to, the following:  failure to

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

appropriately delegate duties and responsibilities to nursing assistants; failure to appropriately supervise subordinate staff, including nursing assistants; failure to employ nursing assistants who are physically capable of performing their duties without presenting a risk of injury to their patients; failure to timely and properly assess Plaintiff's overall physical condition prior to repositioning him; failure to develop appropriate management plans for the proper treatment and repositioning of Plaintiff; failure to appropriately assess Plaintiff for risk of neurological injury; failure to implement appropriate strategies to prevent patient injury during repositioning; failure to seek assistance form nursing and medical personnel in response to Plaintiff's acute onset of pain; and failure to otherwise provide Plaintiff with the care and treatment required by the national standard of care under the same or similar circumstances.

33.     As a direct and proximate result of Defendant Suburban's negligent acts and/or omissions, as described above, Plaintiff suffered severe physical and neurologic injuries, has suffered extreme physical pain and mental anguish, has required extensive care and rehabilitation and has incurred substantial medical and other expenses, and Plaintiff will continue to experience and suffer the foregoing for the remainder of his lifetime.

34.     As a further direct and proximate result of the negligent acts and/or omissions of Defendant Suburban and Suburban Staff, the Plaintiff has suffered a loss of enjoyment of life and will continue to suffer a loss of enjoyment of life for the remainder of his lifetime.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT II
### (Loss of Consortium)

35.     Plaintiffs incorporate, by reference, paragraphs 1 through 34 above and further allege that Plaintiff Mary LaClair is the wife of Plaintiff.

36.     Plaintiffs allege that as a direct and proximate result of the negligence of the Defendant Suburban and Suburban Staff as previously described, Plaintiff Mary LaClair has spent considerable time caring for and assisting her husband from the time of the incident described herein to the present. Plaintiff Mary LaClair has suffered a loss of companionship, affection, assistance and loss of sexual relations with her husband.

WHEREFORE, Plaintiffs demand judgment against the Defendant Suburban in an amount which exceeds the jurisdictional limit of this Court, plus interest and costs.

### JURY TRIAL DEMAND

Plaintiffs, through counsel, request a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By
Patrick M. Regan
pregan@reganfirm.com
Jacqueline Colclough
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C.  20036-3521
Ph:  (202) 463-3030
Fax: (202) 463-0667
*Attorneys for Plaintiffs*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE

CAMERON J. LACLAIR, JR., Individually        :
4200 Massachusetts Avenue, NW                :
Apartment 402                                     :
Washington, DC 20016                     :

      and                                   :

MARY T. LACLAIR, Individually           :
4200 Massachusetts Avenue, NW       :
Apartment 402                                  :
Washington, DC 20016                  :    Case No. _____

      Claimants,                 :

      v.                                   :

SUBURBAN HOSPITAL, INC.          :
8600 Old Georgetown Road          :
Bethesda, Maryland 20814          :

<u>Serve:</u>    S. Allan Adelman, Esq.    :
           Resident Agent           :
           180 Admiral Cochrane Dr.  :
           Annapolis, MD 21401      :

SUBURBAN HOSPITAL FOUNDATION, INC.  :
8600 Old Georgetown Road          :
Bethesda, Maryland 20814          :

<u>Serve:</u>    S. Allan Adelman, Esq.    :
           Resident Agent           :
           180 Admiral Cochrane Dr.  :
           Annapolis, MD 21401      :

SUBURBAN HOSPITAL HEALTHCARE    :
SYSTEM, INC.                         :
8600 Old Georgetown Road          :
Bethesda, Maryland 20814          :

RECEIVED
APR - 1 2010
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030



PLAINTIFF'S
EXHIBIT
1

<u>Serve:</u>    **S. Allan Adelman, Esq.**        :
             **Resident Agent**           :
             **180 Admiral Cochrane Dr.**   :
             **Annapolis, MD 21401**       :
                                          :
             **Health Care Providers.**     :

### STATEMENT IN SUPPORT OF CLAIM

### PARTIES

1.      At all times relevant hereto, Claimant Cameron J. LaClair, Jr. ("Claimant") was and is an adult citizen and resident of the District of Columbia.

2.      At all times relevant hereto, Claimant Mary T. LaClair ("Claimant Mary LaClair") was and is an adult citizen and resident of the District of Columbia and the wife of Claimant.

3.      At all times relevant hereto, upon information and belief, Health Care Providers Suburban Hospital, Inc. and/or Suburban Hospital Foundation, Inc. and/or Suburban Hospital Healthcare System, Inc. (collectively herein called "Suburban") was and is a medical facility licensed to do business in and conducting business in the State of Maryland.

4.      At all times relevant hereto, upon information and belief, the negligent acts and/or omissions committed by the agents, servants and/or employees of Health Care Provider Suburban, including without limitation Rylia Gomez ("Ms. Gomez") and Angela Quaye ("Ms. Quaye") (collectively herein called "Suburban Staff") occurred in facilities owned and/or operated in the State of Maryland.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

5.      At all times relevant hereto, upon information and belief, the injury and/or damages sustained by Claimant occurred in facilities owned and/or operated by Health Care Provider Suburban in the State of Maryland.

6.      At all times relevant hereto, upon information and belief, Ms. Gomez was an agent, servant and/or employee of Health Care Provider Suburban and was a licensed or unlicensed nursing assistant in the State of Maryland at all times when she provided medical care and treatment to Claimant, and as such was a member of the Suburban Staff.

7.      At all times relevant hereto, upon information and belief, Ms. Quaye was an agent, servant and/or employee of Health Care Provider Suburban and was a licensed or unlicensed nursing assistant in the State of Maryland at all times when she provided medical care and treatment to Claimant, and as such was a member of the Suburban Staff.

8.      At all times relevant hereto, upon further information and belief, each of the Suburban Staff involved in the care, evaluation and treatment of Claimant, including Ms. Gomez and Ms. Quaye, was a health care provider who was either licensed or unlicensed in the State of Maryland, who held himself or herself out to the general public as an individual who took all necessary care and precaution in the practice of his or her profession and who was qualified to administer to his or her patients concerning their medical needs, with all necessary care and precaution expected of other health care providers in the same or similar profession.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

9.     At all times relevant hereto, upon further information and belief, Suburban Staff who provided care and treatment to Claimant at Health Care Provider Suburban, including Ms. Gomez and Ms. Quaye, were acting as the agents, servants, and/or employees of Health Care Provider Suburban.   Therefore, Health Care Provider Suburban is vicariously liable for the negligent acts and/or omissions of Suburban Staff, including Ms. Gomez and Ms. Quaye, involved in the care, evaluation and treatment of Claimant at all times relevant hereto.

## FACTS

10.     On November 1, 2007, Claimant was taken via ambulance to Health Care Provider Suburban, where he was diagnosed with a cervical fracture and dislocation.

11.     On November 3, 2007, Claimant underwent surgery to repair the cervical fracture and dislocation by Dr. Alexandros Powers.  The surgery was a complete success and proceeded without complication, and Claimant left the recovery room and was admitted first to the Intensive Care Unit then to the floor.

12.     Upon information and belief, Claimant was recovering well, was neurologically intact and was an excellent candidate for acute in-patient rehabilitation following discharge.  In fact, Claimant's plan of care included a discharge to National Rehabilitation Hospital on November 7, 2007.

13.     Upon information and belief, during the afternoon of November 6, 2007, Claimant Mary LaClair was visiting her husband in his hospital room. His Foley catheter had been removed, and he told his wife that he needed to urinate.  At his

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

request, she sought Suburban Staff to assist him to the restroom. Thereafter, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, entered his room and first moved Claimant to a sitting position on the side of the bed and then raised him to a standing position in order to change his hospital gown, which was at this time soiled with urine.

14.     Upon information and belief, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, then reported to Claimant Mary LaClair that she suffered from a "bad back" and could not tend to Claimant without assistance from other Suburban Staff.

15.     Upon information and belief, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, returned Mr. LaClair to the sitting position on the side of the bed and then attempted to position Claimant on the bed in a left side lying position. In doing so, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, pushed Claimant up toward the head of the bed and caused his left shoulder, neck (which was in a cervical collar) and face to be pressed against the left side rail. His legs from the knees down and feet dangled off the bed, as he was in a flexed, "U-shaped position" on the bed. Claimant then immediately began to complain of severe neck pain.

16.     Upon information and belief, with his legs and feet dangling, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, then attempted to move Claimant fully on the bed by flexing his legs up onto the bed. Additional Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, then entered the room

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

and assisted in the process in further pulling Claimant up into the bed, causing his head to be forced forward and bend as far as the cervical collar would allow. Upon information and belief, Suburban Staff, which may have included Ms. Gomez and/or Ms. Quaye, began changing the soiled bed linens, requiring that they roll Claimant from side to side, while Mr. LaClair continued to object and cry out in pain.

17.    On November 7, 2007, a CT scan revealed that Mr. LaClair had suffered another cervical fracture, for which he underwent a corrective procedure on November 8, 2007.

18.    On November 13, 2007, Claimant was discharged from Health Care Provider Suburban and admitted to National Rehabilitation Hospital ("NRH") for rehabilitative care, where he remained until the time of his transfer to The Washington Home ("TWH") for continuing rehabilitation and sub-acute skilled nursing care.

19.    Claimant thereafter developed worsening neck pain and left sided weakness.    He was evaluated by health care providers at Georgetown University Hospital ("GUH"), where he was admitted on February 5, 2008 for an additional surgical procedure on his cervical spine.   He remained at GUH until the time of his discharge on February 25, 2008, after which he returned to NRH and TWH once again for rehabilitative and sub-acute skilled nursing care.

20.    Claimant underwent numerous medical procedures and developed a wide variety of complications as sequelae of the injury he sustained on November 6, 2007 at Health Care Provider Suburban, including placement of a gastrostomy tube for

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

feeding/nutrition and an indwelling urinary catheter, development of decubitus ulcers, or "bedsores," and other extreme physical and emotional pain and suffering.

21.    Claimant was ultimately discharged home from TWH on or about April 17, 2008.  Since that time, Claimant has required home nursing care and assistance with activities of daily living due to his neurological and other deficits.

22.    Prior to the incident at Health Care Provider Suburban, Claimant was in a state of general good health, was neurologically intact, was active and involved in his community and surroundings and was independent in his activities of daily living.

## COUNT I
### (Medical Negligence)

23.    Claimant incorporates, by reference, paragraphs 1 through 22 above and further alleges that, at all times relevant to the allegations set forth herein, Claimant had a health care provider-patient relationship with all Suburban Staff, including Ms. Gomez and Ms. Quaye, who provided care and treatment to Claimant.

24.    Claimant further alleges that Health Care Provider Suburban, by and through its agents, servants and/or employees, including without limitation Ms. Gomez and Ms. Quaye, had a duty to provide Claimant with the medical and nursing care and treatment consistent with applicable standards of care under the same or similar circumstances.

25.    Claimant further alleges that Health Care Provider Suburban, by and through its agents, servants and/or employees, including without limitation Ms. Gomez and Ms. Quaye, violated the national standards of care as practiced by reasonably

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

competent practitioners under the same or similar circumstances, and, as a direct and proximate result, the Claimant suffered extreme physical and emotional pain, mental anguish, permanent neurological deficits and other injuries and damages.

26.   Claimant further alleges that the breaches of the national standard of care committed by the agents, servants and/or employees of Health Care Provider Suburban, including Ms. Gomez and Ms. Quaye, include, but are not limited to, the following: failure to appropriately delegate duties and responsibilities to nursing assistants; failure to appropriately supervise subordinate staff, including nursing assistants; failure to employ nursing assistants who are physically capable of performing their duties without presenting a risk of injury to their patients; failure to timely and properly assess Claimant's overall physical condition prior to repositioning him; failure to develop appropriate management plans for the proper treatment and repositioning of Claimant; failure to appropriately assess Claimant for risk of neurological injury; failure to implement appropriate strategies to prevent patient injury during repositioning; failure to seek assistance form nursing and medical personnel in response to Claimant's acute onset of pain; and failure to otherwise provide Claimant with the care and treatment required by the national standard of care under the same or similar circumstances.

27.   As a direct and proximate result of Health Care Provider Suburban's negligent acts and/or omissions, as described above, Claimant suffered severe physical and neurologic injuries, has suffered extreme physical pain and mental anguish, has required extensive care and rehabilitation, has sustained a loss of wages and wage-

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

earning capacity and has incurred substantial medical and other expenses, and Claimant will continue to experience and suffer the foregoing for the remainder of his lifetime.

28.      As a further direct and proximate result of the negligent acts and/or omissions of Health Care Provider Suburban and Suburban Staff, the Claimant has suffered a loss of enjoyment of life and will continue to suffer a loss of enjoyment of life for the remainder of his lifetime.

### COUNT II
### (Loss of Consortium)

29.      Claimants incorporate, by reference, paragraphs 1 through 28 above and further allege that Claimant Mary LaClair is the wife of Claimant.

30.      Claimants allege that as a direct and proximate result of the negligence of the Health Care Provider Suburban and Suburban Staff as previously described, Mary LaClair has spent considerable time caring for and assisting her husband from the time of the incident described herein to the present.  Mary LaClair has suffered a loss of companionship, affection, assistance and loss of sexual relations with her husband.

31.      Venue is proper in the United States District Court for the Southern District of Maryland in Greenbelt, Maryland.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

32.    The amount in controversy exceeds $30,000.00.

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By: _____

Patrick M. Regan
pregan@reganfirm.com
Jacqueline Colclough
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C.  20036-3521
Ph:   (202) 463-3030
Fax: (202) 463-0667
*Attorneys for Claimants*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 10 -

**HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE**

CAMERON J. LACLAIR, JR., Individually            :

and                                              :

MARY T. LACLAIR, Individually                    :

Claimants,                                       :        Case No. 2010-0168

v.                                               :

SUBURBAN HOSPITAL, INC., et al.                  :

Health Care Providers.                           :

## CLAIMANTS' WAIVER OF ARBITRATION
## AFTER FILING CERTIFICATE OF QUALIFIED EXPERT

Pursuant to MD. CODE ANN. § 3-2A-06B, Claimants, through counsel, hereby waive arbitration in the above-referenced claim. The record herein reflects that contemporaneous with the filing of this Waiver of Arbitration, Claimant is submitting a Certificates of Meritorious Claim Pursuant to Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-04(b)(1)(i) and Reports which were signed by Alon Mogilner, MD, Ph.D. and Leigh A. Goldstein, RN. A Complaint will be filed in compliance with MD. CODE ANN. CTS. & JUD. PROC. § 3-2A-06B(f) in the United States District Court for the Southern District of Maryland in Greenbelt, Maryland.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC

By: _____
Patrick M. Regan

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

RECEIVED
APR 0 8 2010
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

**PLAINTIFF'S
EXHIBIT
2**

pregan@reganfirm.com
Jacqueline Colclough
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C.  20036-3521
Ph:  (202) 463-3030
Fax: (202) 463-0667
*Attorneys for Claimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Claimants' Waiver of Arbitration After Filing Certificate of Qualified Expert, was served on the Registered Agent for all healthcare providers below, by Federal Express, along with a copy of the Statement in Support of Claim, and Certificate of Meritorious Claim Pursuant to Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-04(b)(1)(i) signed by Alon Y. Mogilner, M.D., Ph.D. and Leigh A. Goldstein, R.N., postage prepaid, this ____ day of April, 2010 to:

Patrick M. Regan

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

IN THE HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE

        \*

CAMERON J. LACLAIR, JR., et al.

           \*

    Claimants

                         HCA No.:  2010-168

    Vs.               \*

SUBURBAN HOSPITAL, INC., et al.

           \*

    Health Care Providers

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER OF TRANSFER

The Claimants, having elected a Waiver of Arbitration under the provisions of the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-06B it is this 9th Day of April, 2010, by the Health Care Alternative Dispute Resolution Office,

ORDERED that this case shall be and is hereby, transferred to the United States District Court for the Southern District of Maryland in Greenbelt, Maryland.

                                  HARRY L. CHASE, DIRECTOR
                                  Health Care Alternative Dispute Resolution Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the above ORDER OF TRANSFER have been mailed, postage prepaid, to all counsel.

                                  HARRY L. CHASE, DIRECTOR

PLAINTIFF'S
EXHIBIT
3
tabbies